## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| **AUGUSTO JACINTO SALAS,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| **JL JAMISON, in his official capacity as** | : | **No. 26-CV-0382** |
| **Warden of Federal Detention Center,** | : | |
| **Philadelphia, et al.,** | : | |
| | : | |
| *Respondents.* | : | |

### MEMORANDUM

**KENNEY, J.**                                                                                              **May 15, 2026**

Pending before the Court is Petitioner's Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). ECF No. 13. For the reasons stated below, Petitioner's Motion will be **DENIED**.

### I.    INTRODUCTION

The Court writes for the benefit of the Parties and assumes familiarity with the underlying facts of the case. Petitioner initiated the instant case by filing a Petition for a Writ of Habeas Corpus seeking his release from detention by Immigration and Customs Enforcement ("ICE") on January 21, 2026.[1]  ECF No. 1.

On January 16, 2026, Petitioner, a native citizen of Peru, was detained in Philadelphia by ICE officials after appearing for a routine ICE check-in. ECF No. 1 at 2. Petitioner was not afforded an individual custody determination or given a bond hearing. *Id.* at 2–3. Petitioner sought

---

[1] After filing his Petition, Petitioner also filed a Motion for a Temporary Restraining Order ("TRO") on January 22, 2026. ECF No. 3. Petitioner's Motion for a TRO was denied as moot as part of the Court's January 27, 2026 Order. ECF No. 7 at 2.

his release from ICE detention, or in the alternative, a bond hearing in which Respondents would bear the burden to justify his detention. *Id.* at 1–2.

After reviewing the Petition, the Court ordered Respondents not to transfer Petitioner outside of the Court's jurisdiction, to assign an Assistant United States Attorney ("AUSA") to the case, to enter a notice of appearance, and to respond to the Petition explaining any meaningful facts that distinguished Petitioner's case from the facts of other cases recently decided by me. ECF No. 2 at 1–2. Respondents answered the Petition on January 23, 2026, ECF Nos. 5.

In their response, Respondents conceded that the facts of the instant case did not materially differ from those alleged in many of the cases recently decided by me. ECF No. 6. Respondents maintained their position that Petitioner had been lawfully detained without a bond hearing pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). ECF No. 5 at 1–19.

On January 27, 2026, the Court granted the Petition and ordered Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a). ECF No. 7 at 1–2. The Court determined that, for the reasons stated in the District's prior cases dealing with the same issue, that Petitioner was not subject to mandatory detention under § 1225(b)(2) and was instead subject to detention, if at all, pursuant to the discretionary provisions of § 1226(a). *Id.* at 1. To accommodate a bond hearing,[2] the Court granted the Parties' Joint Stipulation permitting Respondents to transfer Petitioner within the Commonwealth of Pennsylvania for the purpose of conducting a bond hearing in accordance with the Court's Order.[3] ECF No. 9.

---

[2] Respondents were unable to provide Petitioner with a bond hearing at the Federal Detention Center in Philadelphia. ECF No. 8 at 1–2.

[3] To date, the Parties have failed to inform the Court as to the status of Petitioner's bond hearing as required by the Court's Order. *See* ECF No. 7 at 2 (requiring the Parties to file a Joint Status Letter informing the Court as to the status of the bond hearing on or before February 10, 2026).

On April 27, 2026, Petitioner filed a Motion for Attorney Fees pursuant to the EAJA. ECF No. 13. The Government has opposed. ECF No. 17. Accordingly, the Motion is fully briefed and will be considered on the basis of the submissions without oral argument.

## II. DISCUSSION

Petitioner, as the prevailing party, having successfully obtained a writ of habeas corpus, has moved for Attorney Fees pursuant to the EAJA. ECF No. 13. Petitioner argues that he is entitled to attorney fees under the EAJA because at the time of the litigation, Respondents' (hereinafter, the "Government") position was not substantially justified because it was based upon a legal theory expressly rejected repeatedly by district courts within this District. ECF No. 13 at 5. The Government opposes. ECF No. 17. The Government argues that, to the contrary, at the time of the litigation numerous district courts and circuit courts have also adopted its position on the applicability of § 1225(b)(2). ECF No. 17 at 5–8.

The EAJA provides in relevant part that, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Accordingly, in order to award attorney fees in this case, the Court must first determine whether the EAJA is applicable to federal immigration habeas cases and whether the Government's position was "substantially justified" or that the award of fees would otherwise be "unjust." *See id.*

As an initial matter, the EAJA applies to federal immigration habeas challenges. *Michelin v. Warden Moshannon Vally Corr. Cntr.*, 169 F.4th 418 (3d Cir. 2026). The Third Circuit has explicitly held that the "EAJA unambiguously applies to habeas challenges to immigration

3

detention under 28 U.S.C. Section 2241." *Id.* at 432.

The next inquiry for the Court is whether the Government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). As relevant here, the Government's position is "substantially justified" if it "could satisfy a reasonable person." *Michelin*, 169 F.4th at 433 (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). It is the Government's burden to prove that its position could satisfy a reasonable person. *See id.* (citing *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). Specifically, the Government must prove that: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* (quoting *Cruz v. Comm. of Social Sec.*, 630 F.3d 321, 324 (3d Cir. 2010)). Thus, in the context of federal immigration habeas challenges, the Government carries the burden to prove not only that its underlying conduct to detain the petitioner was substantially justified but that its subsequent decisions in opposition to the habeas petition were substantially justified. *See id.*

Upon review, the Court is satisfied that the Government has carried its burden to show that its position both prior to litigation and throughout the pendency of this litigation was substantially justified. The Government's position on this issue comports with two circuit court opinions and a number of district court opinions.[4] The Third Circuit has not, as of yet, opined on the issues. Absent clear precedent as to the correct statutory interpretation of §§ 1225(b)(2) and 1226(a) and the correct application of the provisions, the Government's position at the outset and during

---

[4] Of course, district court opinions are not in any way precedential, as helpful as they can be in forming a foundation on how to proceed in a like case. These opinions do, however, demonstrate that the Government's position is persuasive and has been accepted by judges faced with analogous facts.

litigation satisfies the "reasonable person" standard.

From the outset of the litigation, the Government maintained its position that it had lawfully detained Petitioner under the mandatory detention provision of 8 U.S.C. § 1225(b)(2) because, in the Government's view, Petitioner constituted an "applicant for admission" to the United States. ECF No. 5 at 10–17.  The Government reasoned that because Petitioner had crossed the border to the United States illegally, or without inspection or admittance to the United States, Petitioner remained an applicant for admission and was subject to mandatory detention.  *Id.*  It is true that at the time of the litigation there were a significant number of cases where district judges, faced with analogous factual scenarios, rejected the Government's position as to the correct interpretation and applicability of § 1225(b)(2).  However, throughout the litigation there was no Supreme Court or Third Circuit authority on this issue.  Indeed, the current circuit court case law from the Fifth and Eighth Circuits had adopted the Government's interpretation and application of § 1225(b)(2).  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding that "[t]he everyday meaning of the statute's terms confirms that being an "applicant for admission" is not a condition independent from "seeking admission""); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that "the text here is clear that an 'applicant for admission' is also an alien who is 'seeking admission[]'" (citation omitted)).

Therefore, the Court is satisfied that the Government's legal theory was reasonable in light of the available facts and controlling legal authority.  Accordingly, Government has carried its burden to prove that its position as to the correct statutory interpretation of § 1225(b)(2) and its application was substantially justified.

### III.  CONCLUSION

For the reasons set forth above, this Court will **DENY** Petitioner's Motion for Attorney Fees (ECF No. 13).  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**